Mike Chappars SBN# 290137
Law Office of Mike Chappars
5412 N. Palm Ave #105
Fresno, CA 93704
Phone: (559)400-7877
Fax: (559)409-4099
Email: mike@345law.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VIZIR, an individual, | **CASE NO.** |
| Plaintiff, | **COMPLAINT FOR** |
| v. | **VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT** |
| TURNER BROADCASTING SYSTEM, INC., a Georgia Corporation | **JURY TRIAL DEMANDED** |
| Defendant. | |

**I. INTRODUCTION**

1.     Plaintiff ANDREW VIZIR ("PLAINTIFF") alleges Defendant TURNER BROADCASTING SYSTEMS ("TBS"), through its hiring and employment practices, violated the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.*. Specifically, TBS, with discriminatory intent, failed to hire PLAINTIFF for a position for which he was the most qualified candidate, in favor of a much younger and less experienced man.

**II. JURISDICTION**

1

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 29 U.S.C. § 626.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy is greater than $75,000, exclusive of interest and costs, and is between citizens of different States.

### III. VENUE

4. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c)

### IV. PARTIES

5. Plaintiff ANDREW VIZIR is a United States Citizen, born on October 6, 1969, and has been 40 years or older at all pertinent times referenced herein.

6. TBS is a Georgia corporation operating in the State of California, where they were a former employer of PLAINTIFF.

### V. FACTUAL ALLEGATIONS

7. PLAINTIFF resides in Los Angeles County, and has been a citizen of Los Angeles County at all times pertinent to this case.

8. PLAINTIFF was hired as a Digital Producer a working for TBS on or around February 29, 2016.

9. At the time PLAINTIFF was hired, he possessed the skills needed to succeed in the position.

10. During his employment, PLAINTIFF successfully completed numerous projects, he worked well in the team, and he received positive feedback and reviews during him employment.

11. PLAINTIFF improved his skill level in the position, and he worked well with his coworkers.

12. PLAINTIFF received no negative reviews, no reprimands, and no complaints of any kind about his work.

13. PLAINTIFF performed numerous data driven and technologically advanced tasks in his

work at TBS.  Plaintiff possesses a wide array of technical skills relating to Internet technology and data collection and analysis.

14. A new manager was hired above PLAINTIFF, after which a number of older workers were dismissed, only to be replaced by younger workers.

15. On or around May 26, 2017, PLAINTIFF was informed that he was being terminated from his position as part of a "change in strategy" that would be pursued by TBS.

16. Two or more individuals over the age of 40 were terminated as part of the same layoff.

17. PLAINTIFF was presented with a release agreement that failed to meet the requirements laid out in the Older Workers Benefit Protection Act ("OWBPA"), in that the agreement failed to provide the statutorily mandated waiting period, and TBS did not provide the required statistical information.

18. The severance documents given to PLAINTIFF contained no language that indicated the TBS would not rehire PLAINTIFF at a time in the future.

19. Soon after the termination, TBS posted a new job request online that closely resembled PLAINTIFF's former position as a Digital Producer.

20. PLAINTIFF is informed and believes that the new job had the same supervisor and the same position within the organization as PLAINTIFF's Digital Producer position.

21. PLAINTIFF is informed and believes that the skills and experience required for the position substantially matched the skills and experiences possessed by PLAINTIFF.

22. PLAINTIFF is informed and believes that TBS possessed knowledge of PLAINTIFF's skill set and experience, especially as it relates to the requirements for the position that forms the basis for PLAINTIFF's failure to hire claim.

23. PLAINTIFF did apply for the new position, and PLAINTIFF was contacted for a screening interview conducted by a hiring agent.

24. The hiring agent PLAINTIFF spoke with informed him that he did possess the skills called for in the job description and that he would be brought in for an in-person interview.

25. Instead, shortly after PLAINTIFF was promised an in-person interview, PLAINTIFF contacted his former direct manager who told PLAINTIFF that the position had already been

1. filled and that no in-person interview would be taking place.
2. 26. PLAINTIFF is informed and believes that TBS instead hired a much younger and less qualified candidate.
3. 27. PLAINTIFF is informed and believes that a legally sufficient statistical analysis would support the claim that TBS had discriminatory intent in terminating PLAINTIFF and a number of other members of the protected class and in TBS failure to hire PLAINTIFF for a position where he was the best candidate support PLAINTIFF's claim of age discrimination.
4. 28. PLAINTIFF is informed and believes that TBS has a pattern of termination and failure to hire that was discriminatory against workers over the age of 40.
5. 29. PLAINTIFF suffered significant emotional hardship caused by TBS' failure to hire that he sought psychiatric care that resulted in a determination of disability.
6. 30. PLAINTIFF filed a complaint with the EEOC, and a right to sue letter was issued on July 24, 2018. A true and correct copy of the right to sue letter is attached as Exhibit A.

<u><b>COUNT 1</b></u>

<b>(Age Discrimination in Employment Act, 29 U.S.C. § 621, <i>et seq</i>.)</b>

<b>(Against All Defendants)</b>

31. PLAINTIFF re-alleges and incorporates the above paragraphs by reference as if fully set forth herein.
32. At all times relevant to this case, PLAINTIFF was a member of a protected class, being over the age of 40.
33. PLAINTIFF was exceptionally qualified for the position offered by TBS, in that PLAINTIFF successfully performed all tasks in the job before his lay-off, in that PLAINTIFF has a strong data and technology background that exceeds any of the requirements added to the "new" position, and in that PLAINTIFF had already established strong personal relationships with other members of the team at TBS and third-party vendors that the team worked with.
34. TBS did not hire the PLAINTIFF, even though he was laid off from the position and essentially the same position was reopened soon thereafter.
35. TBS, instead, was passed over and the position was given to a much younger person, a

person not in the protected class, who had much less experience than PLAINTIFF.

**JURY TRIAL DEMAND**

36.  Pursuant to the Federal Rules of Civil Procedure 38(b), PLAINTIFF demands a trial by jury of all claims asserted in this Complaint so triable.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests this court enter judgement against TBS:

    a.  Awarding PLAINTIFF prejudgment interest at the prevailing rate of the compensatory damages as a result of Defendant's discrimination against him;

    b.  Awarding PLAINTIFF liquidated, exemplary, and punitive damages;

    c.  Awarding PLAINTIFF reasonable attorneys' fees, expert witness fees, expenses, and costs of this action prior administrative actions; and

    d.  Awarding PLAINTIFF such other relief as this Court deems just and appropriate.

Dated October 18, 2018                    Respectfully submitted,

By:/s/ Mike Chappars
Mike Chappars SBN #290137
Attorney for Plaintiff ANDREW VIZIR

1
2
3
4
5
6
7  **EXHIBIT A**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency      GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Adam Levin
Attorney

TURNER BROADCASTING
3500 W. Olive Ave
Burbank, CA 91505

EEOC Number       480-2018-03433C

Case Name          Andrew Vizir
Filing Date           July 24, 2018

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH), a state agency, and the United States Equal Employment Opportunity Commission (EEOC), a federal agency. The complaint will be filed in accordance with California Government Code section 12960. The notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your state Right to Sue notice. **This state Right to Sue Notice allows you to file a private lawsuit**. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice or, pursuant to Government Code section 12965, subdivision (d)(2), 90 days from receipt of the **federal** right-to-sue letter from the EEOC, whichever is later. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

(Revised 11/2016)